IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA



Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) Criminal No. 1:16-cr-272 (LMB) |
| | ) |
| CARINE KOJIA ALEAH EPSE MBENDEKE, | ) Count One: 18 U.S.C. § 371 |
| a/k/a "Carine Aleah Mbendeke," | ) (Conspiracy to Commit Marriage Fraud and Defraud the United States) |
| (Count 1) | ) |
| | ) Count Two: 18 U.S.C. § 1001(a)(2) |
| IRENE MARIE MBONO, | ) (Making of a Materially False Statement and Representation) |
| a/k/a "Irene Marie Settles," | ) |
| (Counts 1-3) | ) Count Three: 18 U.S.C. § 1546(a) |
| | ) (False Swearing in an Immigration Matter) |
| JEAN JULES NGBWA ELLE, | ) |
| a/k/a "Jean Jules Elle" | ) |
| (Count 1) | ) |
| Defendants. | ) |

December 2016 Term — Alexandria

## SUPERSEDING INDICTMENT

*General Allegations*

At all times material to this Indictment:

1. Landry Mbendeke was a citizen of the Republic of Cameroon ("Cameroon"), who won legal permanent resident status in the United States through a diversity lottery.

2. Defendant CARINE KOJIA ALEAH EPSE MBENDEKE was a citizen of Cameroon and married to Landry Mbendeke.

3. Defendant IRENE MARIE MBONO was a citizen of Cameroon.

4. Defendant JEAN JULES NGBWA ELLE was a naturalized citizen of the United

States and IRENE MARIE MBONO'S brother.

5. James Settles III was a citizen of the United States.

6. United States Citizenship and Immigration Services ("USCIS") is a component of the Department of Homeland Security. USCIS is a government agency that oversees lawful immigration to the United States. USCIS provides procedures for a United States citizen or a legal permanent resident to acquire permanent resident status for their foreign citizen spouse living in the United States or abroad.

7. A foreign citizen could marry a United States citizen and then seek to gain lawful permanent resident status based on that marriage. In order for a foreign citizen to obtain lawful permanent resident status on the basis of marriage to a United States citizen, the United States citizen spouse is required to file a Form I-130 (Petition for Alien Relative) on behalf of the foreign citizen spouse.

8. A Form I-130 (Petition for Alien Relative) is promulgated by USCIS, and is an application and document required by United States immigration laws and regulations subscribed thereunder. On that form, the applicant is required to certify that the applicant is in fact a United States citizen, and to provide and certify certain background information about the applicant's foreign citizen spouse, such as the address in the United States where the foreign citizen spouse intends to live. Moreover, the Form I-130 (Petition for Alien Relative) requires the applicant to agree to the following certification: "I certify, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct."

9. After the Form-130 (Petition for Alien Relative) is approved, if the foreign citizen spouse is already present in the United States, the foreign citizen spouse must file a Form 1-485

(Application to Register Permanent Residence or Adjust Status). By so doing, the foreign citizen spouse applies to adjust his or her status to that of a lawful permanent resident.

10. A Form I-485 (Application to Register Permanent Residence or Adjust Status) is promulgated by USCIS, and is an application and document required by United States immigration laws and regulations subscribed thereunder. On that form, the foreign citizen applicant is required to provide and certify certain background information about themselves and their United States spouse, such as the address in the United States where the foreign citizen spouse lives. Moreover, the Form I-485 (Application to Register Permanent Residence or Adjust Status) requires the applicant to agree to the following certification: "I certify, under penalty of perjury under the laws of the United States of America, that the information provided with this application is all true and correct."

## COUNT ONE

*(Conspiracy to Commit Marriage Fraud and Defraud the United States)*

THE GRAND JURY CHARGES THAT:

1. The Grand Jury re-alleges and incorporates by reference the General Allegations of this Superseding Indictment.

2. Beginning in and around December 2013 and continuing to in and around August 2015, in the Eastern District of Virginia and elsewhere, the defendants, CARINE KOJIA ALEAH EPSE MBENDEKE (also known as "Carine Aleah Mbendeke"), IRENE MARIE MBONO (also known as "Irene Marie Settles"), and JEAN JULES NGBWA ELLE (also known as "Jean Jules Elle"), did knowingly and unlawfully combine, conspire, confederate, and agree together and with Landry Mbendeke and others, known and unknown to the Grand Jury, to knowingly and unlawfully enter into marriages for the purpose of evading a provision of the immigration laws of the United States, in violation of Title 8, United States Code, Section 1325(c), and to knowingly defraud the United States, that is, the Department of Homeland Security, United States Citizenship and Immigration Services, in regard to the proper administration of laws and regulations as applied to immigration and naturalization.

### THE WAYS, MANNER AND MEANS OF THE CONSPIRACY

The purpose of the conspiracy was for Cameroonian citizens to obtain immigration benefits by interfering with and obstructing United States Citizenship and Immigration Services in its administration of the immigration laws of the United States and for United States citizens to profit financially from marrying Cameroonian citizens.

The ways, manner and means by which the defendants and members of the conspiracy

accomplished the conspiracy included the following:

3. It was part of the conspiracy that members of the conspiracy, who were United States citizens, were recruited for the purposes of entering into marriages with Cameroonian citizens, in order to evade United States immigration laws.

4. It was further part of the conspiracy that United States citizen co-conspirators married Cameroonian citizen co-conspirators for the purpose of evading United States immigration laws.

5. It was further part of the conspiracy that members of the conspiracy, who were United States citizens, would complete and submit a Form I-130 (Petition for Alien Relative) to United States Citizenship and Immigration Services on behalf of their Cameroonian spouses.

6. It was further part of the conspiracy that members of the conspiracy, who were Cameroonian citizens already present in the United States, would complete and submit a Form I-485 (Application to Register Permanent Residence or Adjust Status) to United States Citizenship and Immigration Services.

7. It was further part of the conspiracy that members of the conspiracy, who were United States citizens, would receive compensation for their role in the conspiracy — including, the promise of a final payment in United States currency, when their Cameroonian spouse was granted a visa.

## OVERT ACTS

In furtherance of the conspiracy, and to effect the objects thereof, the defendants and their co-conspirators committed overt acts in the Eastern District of Virginia and elsewhere including, but not limited to, the following:

5

8.  On or about December 30, 2013, at Dulles International Airport, within the Eastern District of Virginia, CARINE KOJIA ALEAH EPSE MBENDEKE and Marcus Carlye Brooks boarded an Air France flight with a final destination in Cameroon.

9.  On or about January 11, 2014, while in Cameroon, Marcus Carlye Brooks married a sister of Landry Mbendeke with the purpose of evading United States immigration laws.

10. From in and around February 2014 to in and around April 2014, CARINE KOJIA ALEAH EPSE MBENDEKE aided and abetted Marcus Carlye Brooks in signing and causing to submit a Form I-130 (Petition for Alien Relative) to the Department of Homeland Security, United States Citizenship and Immigration Services on behalf of his Cameroonian wife.

11. On or about January 14, 2015, at Dulles International Airport, within the Eastern District of Virginia, CARINE KOJIA ALEAH EPSE MBENDEKE, Benjamin Franklin Minkins, Jr., Alecia Angelita Portillo, Kenneth Cornelius Lewis, and Keonna Lakata Lynch boarded an Air France flight with a final destination in Cameroon.

12. In and around January 2015, while in Cameroon, CARINE KOJIA ALEAH EPSE MBENDEKE attended the weddings of Benjamin Franklin Minkins, Jr., Alecia Angelita Portillo, Kenneth Cornelius Lewis, and Keonna Lakata Lynch, who each married Cameroonian citizens with the purpose of evading United States immigration laws.

13. In and around March 2014, JEAN JULES NGBWA ELLE asked Landry Mbendeke to arrange for his sister, IRENE MARIE MBONO, to marry a United States citizen with the purpose of evading United States immigration laws.

14. In and around March 2014, IRENE MARIE MBONO arrived at Dulles International Airport, within the Eastern District of Virginia. Landry Mbendeke picked up IRENE MARIE MBONO at the airport.

15. In and around March 2014, Landry Mbendeke recruited James Settles III to marry IRENE MARIE MBONO for the purpose of evading United States immigration laws.

16. On or about April 23, 2014, IRENE MARIE MBONO married James Settles III in the Superior Court of the District of Columbia. CARINE KOJIA ALEAH EPSE MBENDEKE and Landry Mbendeke attended the wedding.

17. On or about May 12, 2014, James Settles III, signed and caused to be submitted a Form I-130 (Petition for Alien Relative) to United States Citizenship and Immigration Services on behalf of IRENE MARIE MBONO.

18. On or about November 7, 2014, IRENE MARIE MBONO signed and caused to be submitted a Form I-485 (Application to Register Permanent Residence or Adjust Status) to the United States Citizenship and Immigration Services office located in Fairfax, Virginia, within the Eastern District of Virginia.

19. On or about June 19, 2015, in Fairfax, Virginia, within the Eastern District of Virginia, IRENE MARIE MBONO and James Settles III were interviewed at the United States Citizenship and Immigration Services office. During this interview, and after being administered an oath, IRENE MARIE MBONO and James Settles III provided false statements.

20. On or about July 22, 2015, in Fairfax, Virginia, within the Eastern District of Virginia, IRENE MARIE MBONO and James Settles III were again interviewed at the United

States Citizenship and Immigration Services office. During this interview, and after being administered an oath, IRENE MARIE MBONO and James Settles III provided false statements.

(All in violation of Title 18, United States Code, Section 371)

## COUNT TWO

*(Making of a False Statement and Representation)*

THE GRAND JURY FURTHER CHARGES THAT:

On or about July 22, 2015, in Fairfax, Virginia, within the Eastern District of Virginia, the defendant, IRENE MARIE MBONO (also known as "Irene Marie Settles"), in a matter within the jurisdiction of the executive branch of the Government of the United States, that is, the United States Department of Homeland Security, did knowingly and willfully make a materially false, fictitious, and fraudulent statement in that, during an interview by an Immigration Services Officer with United States Citizenship and Immigration Services in Fairfax, Virginia, regarding the defendant's Form I-485 (Application to Register Permanent Residence or Adjust Status) based on her marriage to a United States citizen, the defendant stated that she lived with her United States citizen spouse, when the defendant then and there knew, in truth and in fact, that she did not live with her United States citizen spouse.

(In violation of Title 18, United States Code, Section 1001(a)(2))

## COUNT THREE

*(False Swearing in Immigration Matter)*

THE GRAND JURY FURTHER CHARGES THAT:

On or about November 7, 2014, in Fairfax, Virginia, within the Eastern District of Virginia and elsewhere, the defendant, IRENE MARIE MBONO (also known as "Irene Marie Settles"), did knowingly and unlawfully subscribe as true under penalty of perjury under Title 28, United States Code, Section 1746, a false statement with respect to a material fact in a document required by the immigration laws and regulations prescribed thereunder, and knowingly presented such application that contained such false statement and that failed to contain a reasonable basis in law and fact, namely IRENE MARIE MBONO signed and caused to be submitted to the United States Citizenship and Immigrations Services office, a Form I-485 (Application to Register Permanent Residence or Adjust Status), in which she stated that she lived at a residence on Danbury Street S.E., Washington, D.C., even though the defendant well knew that such statement was false.

(In violation of Title 18, United States Code, Sections 1546(a))

## FORFEITURE NOTICE

Pursuant to Rule 32.2(a), the defendants are hereby notified that, if convicted of Count One above they each shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(6), any property, real or personal, that constitutes or is derived from proceeds obtained directly or indirectly from the commission of the offense, and any property used to facilitate the offense. IRENE MARIE MBONO is further hereby notified that if she is convicted of Count Three above that she shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(6), any property, real or personal, that constitutes or is derived from proceeds obtained directly or indirectly from the commission of the offense, and any property used to facilitate the offense.

(Pursuant to Fed. R. Crim. P. 32.2 and 18 U.S.C. § 982)

A TRUE BILL

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office.

_____
Foreperson of the Grand Jury

Dana J. Boente
United States Attorney

By: _____
Carina A. Cuellar
Assistant United States Attorney